## STATE *vs.* EROLD E. HOSMER.

### Knox. Opinion May 17, 1889.

*Indictment. Insurance. Agent without license. Pleadings. R. S., c. 49, § 73, Stat. 1887, c. 109.*

Where an indictment charged the defendant with soliciting from a person an application for insurance to a certain insurance company, called the Manufacturers' Accident Indemnity Company, without first having received a license therefor, but did not allege that the defendant acted or claimed to act as the agent of the company; upon demurrer, *Held*, bad.

See previous case, *ante*, p. 506.

ON EXCEPTIONS, by defendant, to overruling a demurrer to an indictment for unlawfully soliciting insurance risks.

The material portions of the indictment are sufficiently stated in the opinion.

*J. H. Montgomery*, for defendant.

The indictment does not state the means employed; nor that a risk was procured; nor money received for a premium.

The statute provides, "if any person solicits, receives or forwards any risk or application for insurance to any company, without first receiving such license, or fraudulently assumes to be an agent, and thus procures risks and receives money for premiums \* \* \*." Defendant must have, by soliciting, procured a risk and received money for a premium of said Gould, which the indictment does not allege. The crime consists as much in procuring the risk, and receiving money for premium, as in soliciting. If he only solicited, there is no crime.

*J. H. H. Hewett,* county attorney for the state.

LIBBEY, J. This indictment is under the same statute recited in the preceding case, *State* v. *Hosmer,* and charges that the defendant "did solicit from one Willis P. Gould an application for insurance to a certain insurance company called the Manufacturers' Accident Indemnity Company of the United States, without first having received a license therefor as provided by law."

For some of the reasons stated in the case referred to, we think this charge insufficient. It is not charged that the defendant acted or claimed to act as the agent of the insurance company named. He is liable, under the statute, only when he acts or assumes to act, as the agent of the company for which he solicits the application for insurance, without a license as such agent. He may legally have solicited the application as a licensed insurance broker, or as president or secretary of the company, and still all of the averments in this indictment would be true.

*Exceptions sustained.*

PETERS, C. J., DANFORTH, EMERY, FOSTER and HASKELL, JJ., concurred.